FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO GENERAL STATUTES SECTION 17a-112 (e)
THE COURT MAKES THE FOLLOWING FACTUAL FINDINGS REQUIRED BY GENERAL STATUTES § 17a-112 (e) which findings are made upon clear and convincing evidence:[2]
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
Appropriate and timely services were provided by the Department of Children and Families including counseling, case management, transportation assistance, and visitation coordination. The services provided are more fully set forth in the Social Study which has been placed into evidence. The services as described in the Social Study were appropriate and offered on a timely basis.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has made reasonable efforts given the situation and circumstances CT Page 6298 to reunite the family in accordance with state and federal law. Both parents were offered a multitude of services, but there is no evidence that either parent showed any interest in cooperating with DCF.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
Regarding court orders, fulfillment of obligations, expectation and services agreements: The Department, with the approval of the Court, set reasonable and realistic expectations to reunify the family. The court issued court expectations on October 23, 1998 to both parents. There was only minimal compliance, if any by the mother. The father of Timeasha and Kadejah has not participated in this case or cooperated with DCF since May, 1999.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The children have no feelings for their mother and no emotional ties to her. They do not have a connection or bond with their father. They do not recognize their mother or father as their parent that they would seek comfort from or go to in order to have their needs met. They are bonded with and have significant emotional ties with their current foster parent, with whom they have lived since April, 2000.
5. (Finding regarding the age of the child.)
Ta-Tyana is five years old. Timeasha is four years old. Kadejah is 3 years old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
These parents have made little effort to adjust their circumstances to CT Page 6299 permit their child to safely return to their care; they have failed to maintain contact with their child or wit DCF. Tyesha and Timothy G. have maintained no consistent show of concern or interest in this children. They have failed to regularly contact the children, DCF or the foster parent. Tyesha maintained a very sporadic, inconsistent visitation schedule and has not visited with her children in over a year and one half The father has not visited with his two children, even though they reside with his sister. There is no evidence either Tyesha or Timothy G. contributed any support to these children. Neither parent has made serious prolonged or sustained efforts to reunify with the children.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent the father and the mother from maintaining a meaningful relationship with their children. There is no evidence that the parents' economic circumstances prevented a meaningful relationship from being maintained. In fact, the petitioner has encouraged the parents to maintain a meaningful relationship with their children. The mother was offered assistance and service, which, if availed, would have promoted reunification. The father made no efforts to reunify with his two children
The court having considered all statutory considerations and having found by clear and convincing evidence that grounds exist for termination of parental rights, ifirther finds upon all of the facts and circumstances presented, that it is in the children's best interest to terminate the parental rights of Tyesha F., Timothy G., and Haywood H. Accordingly, it is ordered that their parental rights to the children are hereby terminated.
It is further ordered that the Commissioner of Department of Children and Families is hereby appointed the statutory parent for the purpose of securing an adoptive family or other permanent placement for said child and that the Commissioner shall file with the court, no later than thirty (30) days following the date of judgement, a written report toward such permanent placement and file such further reports as are required by state and federal law.
 _____________________ SWIENTON, JUDGE
CT Page 6300